UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

COMMONWEALTH OF VIRGINIA,
    Ex Rel. Judith Williams Jagdmann,
    Attorney General,

    Plaintiff,

v.                                        ACTION NO. 4:04cv125

REAL TIME INTERNATIONAL, INC.,

    Defendant.

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference entered March 22, 2005.

This case was referred for a report and recommendation for the disposition of the Commonwealth of Virginia's ("Commonwealth's") Application for Entry of Judgment by Default Against Real Time International, Inc. ("Real Time") [Document No. 5]. The Court recommends ENTERING judgment by default against Real Time pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, in the amount of one hundred ninety six thousand five hundred and thirty dollars ($196,530.00). The Court further recommends permanently enjoining Real Time from violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and its regulations, 47 C.F.R. §§ 64.1200 and 64.1601, and the Virginia Telephone Privacy Protection Act, Va. Code § 59.1-510

*et seq.* (the "VTTPA").

## I. PROCEDURAL HISTORY

On October 6, 2004, the Commonwealth of Virginia filed a Complaint against Real Time under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and the Virginia Telephone Privacy Protection Act, Va. Code § 59.1-510 *et seq.* (the "VTTPA"), to obtain a permanent injunction, damages and reimbursement of costs. A copy of the Complaint and Summons was served upon Real Time through its Officer and Vice President, Ira Koonan, at its principal address by effectuating service through First Class mail from the State Corporation Commission on December 30, 2004. The Certificate of Compliance was filed on January 3, 2005.

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, Real Time had 20 days to file an answer or responsive pleading. As of the filing of this Report and Recommendation, no answer or responsive pleading has been filed, and Real Time has made no appearance in the case. On March 16, 2005, the Clerk entered default against Real Time pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. On March 16, 2005, the Commonwealth filed an Application for Entry of Judgment by Default Against Real Time International, Inc. ("Application"). Attached to the Application is the Affidavit of Assistant Attorney General Courtney Malveaux in support of the request for judgment by default in the amount of $196,500 plus costs against Real Time. On March 22, 2005, the case was referred to the undersigned to conduct a hearing and prepare a report and recommendation on the disposition of the application for default judgment. Accordingly, a hearing was held on April 15, 2005. Courtney M. Malveaux, Esq. represented the Commonwealth. The defendants made no appearance. The Official Court Reporter was Jody Stewart.

During the hearing, Mr. Malveaux asserted the Commonwealth is seeking a permanent injunction against Real Time in addition to the $196,500 in damages and $30 in costs requested in the Application. The Court permitted the Commonwealth to file a supplemental pleading describing the permanent injunction sought, which was filed on April 26, 2005.

## II.  FINDINGS

Upon default, the facts alleged in the Complaint are deemed admitted. Following a full review of the pleadings and exhibits, the undersigned Magistrate Judge finds that the Commonwealth has established the following by a preponderance of the evidence.

Real Time is a Virginia Corporation with its offices and principal place of business located in Newport News, Virginia. Real Time engages in the telephone solicitation of Virginia residents for the sale of vacation packages. On at least 88 occasions, Real Time made telemarketing calls to 66 Virginia residents whose telephone numbers had been registered on the National Do Not Call Registry, which is maintained by the Federal Trade Commission, over three months prior to the telemarketing call, in violation of the TCPA, 47 C.F.R. § 64.1200(c)(2). A list of the residents contacted is attached as Exhibit A to the Complaint. On numerous occasions, called persons would inform the solicitor that he or she had registered his or her telephone number on the National Do Not Call Registry, and would request not to receive future calls from Real Time. On numerous occasions, the solicitor would respond with ignorance of the fact of the called party's registration on the National Do Not Call Registry or deny that the registration prohibited Real Time from making the call. After stating such denial, the solicitor would typically continue the conversation and solicitation. On other occasions, the solicitor would abruptly end the call by hanging up on the called

person.

On at least 27 occasions, the solicitor from Real Time refused to provide the called party with identifying information, including the name of the solicitor, the name of the seller for whom he or she was calling, and a telephone number for reporting purposes, in violation of the TCPA, 47 C.F.R. § 64.1200(d)(4), and the VTTPA, Va. Code § 59.1-512. On many of these occasions, the solicitor from Real Time hung up on the called person after the identifying information was requested.

On at least 16 occasions, Real Time made telemarketing calls to Virginia residents after those residents had specifically requested no further telemarketing calls from Real Time, in violation of the TCPA, 47 C.F.R. § 64.1200(d)(3), and the VTTPA, Va. Code § 59.1-514(A). At all times relevant to the action, Real Time failed to maintain a list of persons who had requested not to receive Real Time's telemarketing calls in violation of the TCPA, 47 C.F.R. § 64.1200(d).

The Telephone Consumer Protection Act provides for injunctive relief to enjoin calls in violation of the TCPA, and to redress injury. 47 U.S.C. § 227(f)(1). Pursuant to 47 U.S.C. § 227(f)(1), the Commonwealth may bring an action on behalf of its residents to recover actual monetary loss, or receive a damage award of $500 for each violation. Further, "[i]f the court finds the defendant willfully or knowingly violated such regulations, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times [the actual monetary loss or $500 award]."

The Complaint alleges each violation of the TCPA was willful. Consequently, the Commonwealth is requesting a $1500 damage award for each of the 133 violations, for a total damage award of $196,500 based on the following:

      88 total calls made to 66 residents on the Do Not Call Registry

      16 of these calls were to residents who had specifically asked not to be called by Real Time

      <u>27</u> of these calls were made without providing identifying information on the caller

Total: **133** violations **x $1500** for each willful violation of the TCPA = **$196,500.00**.[1]  The undersigned finds the Complaint sufficiently outlines the willfulness of Real Time's violations of the statute.  The number of calls made to individuals on the National Do Not Call Registry; the denial that such registration prohibited the solicitation, and attempts to continue the solicitation; and, the failure to maintain a list of individuals who specifically asked not to receive future calls from Real Time, and subsequent calls to many of those individuals, are all indications that Real Time's violations of the statute were willful.

      The Commonwealth is also seeking $30.00 in costs, recoverable pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, for a total of **$196,530.00**.  The $30.00 requested is for the cost of service of process, and the receipt supporting the request is attached to the Application.

      Federal Rule of Civil Procedure 55 provides for judgment by default when a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the action. Judgment by default is appropriate in this case where Real Time has failed to file an answer or responsive pleading or make any appearance in the case.  The Commonwealth of Virginia has

---

[1] This Court possesses the authority, pursuant to 28 U.S.C. § 1367, to allow the Commonwealth to enforce its state law claims against Real Time for violations of the Virginia Telephone Privacy Protection Act.  Va. Code § 59.1-517(A) through (C) provides for injunctive relief, damages for aggrieved persons in the amount of $500 for each violation, additional civil penalties up to $1,000 for each willful violation, and reasonable expenses incurred in investigating and preparing the case and attorneys' fees.  However, the Commonwealth is not seeking damages under the VTPPA, as each of the violations is covered by the TCPA.

established by a preponderance of the evidence 133 willful violations of the TCPA by Real Time resulting in $196,500.00 in statutory damages and $30.00 in costs.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that judgment by default be entered in favor of the Commonwealth of Virginia and against Real Time International, Inc. pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, in the amount of one hundred ninety six thousand and five hundred dollars ($196,500.00) in statutory damages under 47 U.S.C. § 227(f)(1), plus costs in the amount of thirty dollars $30.00.  Further, the Court recommends that Real Time International, Inc. be permanently enjoined from violating the TCPA, 47 U.S.C. § 227, and its regulations, 47 C.F.R. §§ 64.1200 and 64.1601, and the VTPPA, Va. Code §§ 59.1-510 through 59.1-518, including without limitation:

    a.    Initiating any telephone solicitation to a residential telephone subscriber who registered his or her telephone number on the National Do Not Call Registry maintained by the federal government, in violation of 47 C.F.R. § 64.1200(c)(2);

    b.    Initiating a call for telemarketing purposes to a residential telephone subscriber without having instituted procedures for maintaining its own list of persons who request not to receive telemarketing calls made by or on behalf of Real Time, in violation of 47 C.F.R. § 64.1200(d);

    c.    Failing to record residential telephone subscriber requests not to receive calls from Real Time and failing to place subscribers' names, if provided, and telephone numbers on Real Time's do-not-call list at the time the request is made, in violation of 47 C.F.R. § 64.1200(d)(3);

    d.    Failing to honor all residential subscribers' do-not-call requests within a reasonable time, not to exceed thirty days, in violation of 47 C.F.R. § 64.1200(d)(3);

    e.    Failing to provide called parties with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contated, in violation of 47 C.F.R. § 64.1200(d)(4);

    f.    Making any telepone solicitation call without identifying the telephone solicitor by his first and last names and the name of the person on whose behalf the telephone solicitation call is being made promptly upon making contact with the called person, in violation of Va. Code § 59.1-512; and,

    g.    Initiating, or causing to be initiated, a telephone solicitation call to a telephone number when the person at that telephone number previously has stated he does not wish to receive a telephone solicitation call by or on behalf of the person for whom the solicitation call is being made, in violation of Va. Code § 59.1-514.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(c), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984), <u>cert. denied</u>, 474 U.S. 1019 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert. denied</u>, 467 U.S. 1208 (1984).

                                                 /s/
                                     Tommy E. Miller
                                     United States Magistrate Judge

Norfolk, Virginia

April 26, 2005

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Real Time International, Inc.
Attn: Mr. Ira Koonan, Vice President
11844 Rock Landing Dr.
Newport News, VA 23606


Courtney M. Malveaux, Esq.
Office of the Attorney General
900 E. Main St.
Richmond, VA 23219


Elizabeth H. Paret, Clerk


By _____
    Deputy Clerk

April    , 2005